B. DEXTER ALDRICH *et al. vs.* SUSAN H. BROWNELL.

APRIL 25, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)   *Division Line.   Real Property.*

Where abutting owners agreed upon established and marked a division line between their estates, and the line so established and marked was recognized by such owners as the line between the estates, such agreement is conclusive, irrespective of the line according with the paper title.

(2)   *Easements.   Gates.*

The servient estate will be enjoined from maintaining a gate across a right of way where the maintenance of such gate would impose upon the dominant estate an unreasonable burden not contemplated by the parties to the original grant.

(3)   *Equity.   Lis Pendens.   Notice.   Decrees.*

Where one not a party to a cause received his deed before notice of *lis pendens* was filed, but before conveyance to him had knowledge of the action, he would be bound by the terms of the decree although the decree should not specifically mention him.

BILL IN EQUITY.   Heard on appeal of respondent from decree of Superior Court.   Decree affirmed.

RATHBUN, J.   This is a bill in equity to determine a boundary line between lands of the parties and to enjoin the respondent from maintaining a gate across a right of way through land of the respondent.   The cause was heard by

the Presiding Justice of the Superior Court who entered a decree which established the boundary line and enjoined the respondent, her heirs and assigns from maintaining the gate in question. The cause is before us on the respondent's appeal from said decree.

In 1908 Richmond Brownell, who was the respondent's husband and is the common ancestor in title of the parties, being at the time the owner of both tracts of land, conveyed to Mabel S. Hall the land now owned by the complainants and also, as appurtenant thereto, a right of way through land retained by the grantor and now owned by the respondent. The clause granting and defining the right of way was as follows: ".Also conveying to said grantee a right to pass and repass with teams or otherwise from the terminus of the public highway along the way now travelled to the eastern boundary of said grantor's farm; also a right to pass and repass, with teams or otherwise, along the laneway west of said conveyed premises." Said deed described the land thereby conveyed as bounding northerly on a laneway leading to "Little Pond Cove." The line bordering on said laneway is the line in dispute.

(1) There is ample testimony to support the finding that after said conveyance said Richmond Brownell and said Mabel S. Hall agreed upon, established and marked the line between their respective estates along said highway and that the line so established and marked was recognized by the abutting owners as the line between the two estates until within a short time before this action was commenced. The line fixed by said decree coincides with the line established by said Brownell and said Hall.

In *O'Donnell* v. *Penney*, 17 R. I. 164, the court, at p. 166, said: "There are numerous decisions to the effect that, when the boundary line between adjacent lands is in dispute or uncertain, the owners may establish a division line between them by express parol agreement, and that, if such agreement is immediately executed and followed by actual possession according to such line, the agreement is binding

and conclusive, and such division line shall not be disturbed, though it may afterwards appear that it was not the true line according to the paper title." See also *Wesley* v. *Cartier*, 30 R. I. 403.

The remaining question is whether the owner of the servient estate has the right to obstruct said right of way by maintaining the gate in question. Said gate, which has been (2) constructed recently, is but a short distance from the place where said right of way terminates in a highway. The complainants admit that the respondent is entitled to maintain a proper gate across the end of said right of way at the highway. See *Chenevert* v. *Larame*, 42 R. I. 426.

The respondent, before the bill was brought, entered into an oral agreement to sell and she afterwards conveyed the eastern portion of her said land, including the fee in the right of way, to Mary Thomas. Mary Thomas was not made a party but it is contended that as she desires to use for farming purposes the land which she purchased she should be permitted to maintain the gate because it is at or near the end of the right of way on her land. It is evident that the opening and closing of an extra gate would cause considerable inconvenience and it further appears that the gate is located near a sharp curve in the right of way, referred to as a "blind corner," and that there is a considerable grade at this place in the right of way. Witnesses testified that a gate at that location would be a source of danger to persons using the right of way.

In passing upon all of the evidence the Presiding Justice found that the maintenance of the gate in question would impose upon the complainants, as owners of the dominant estate, an unreasonable burden not contemplated by the parties to the original grant conveying the right of way and we think that the evidence was sufficient to warrant his finding.

The decree appealed from enjoins Mary Thomas from maintaining said gate. Although she received her deed before notice of *lis pendens* was filed, she appeared as a

(3) witness in the case and in her testimony admitted that before the conveyance was made to her she knew that this action was pending.   Having knowledge at the time she purchased of the pendency of the suit and of the questions involved, it would appear that she would be bound by the terms of the decree but as she was not made a party we think that the decree should not specifically mention her.

The decree appealed from is reversed in so far as it in specific terms refers to Mary Thomas, in all other respects said decree is affirmed.

The parties may on the 30th day of April, 1923, present a form of decree in accordance with this opinion.

*Nathaniel W. Smith, Swan, Keeney & Smith,* for complainants.

*Charles C. Remington, Alexander L. Churchill, Wilson, Churchill & Curtis,* for respondent.